**WESTFAL-LARSEN & CO., A/S,**

v.

**UNITED STATES.**

No. 445-55.

United States Court of Claims.
May 7, 1958.

Charles S. Haight, New York City, for plaintiff.

Justin S. Colin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

MADDEN, Judge.

■ The plaintiff sues for a sum of money which the Government owes it on transactions not here in question. The Government has not paid the plaintiff because it claims that the plaintiff owes it a larger sum for certain "desirable features" which were present on ships sold by the Government to the plaintiff.

The plaintiff, a Norwegian corporation, purchased three ships from the United States Maritime Commission in 1946. The contracts of sale contained the following provision:

"The Buyer agrees, if it shall be determined by the Commission upon examination of the (each) vessel, that the vessel lacks or contains desirable features as defined in clauses (2) and (3) of Sec. 3(d) of the Act, then such purchase price shall be decreased, within the limits of the floor price of the vessel, or increased, by such amounts, if any, as may be determined by the Commission pursuant to said clauses."

This court's decision in A. H. Bull Steamship Co. v. United States, 108 F.Supp. 95, 123 Ct.Cl. 520, discusses the Merchant Ship Sales Act of 1946, 60 Stat. 41, as amended, 62 Stat. 1199, 50 U.S.C.A.Appendix, § 1735 et seq., 46 U.S.C.A. § 864a, under which sales of war-built ships were made, and the problem of "desirable features."

The 1946 Act, in its section 3(d)(3) said:

"If the Commission is of the opinion that the vessel contains desirable features which are not incorporated in the standard vessel used for the purpose of determining prewar domestic cost, and that the statutory sales price (unadjusted) would be higher if the standard vessel had also contained such features, there shall be added the amount estimated by the Commission as the amount of such resulting difference in statutory sales price."

Pursuant to the power reserved in the contracts of sale, the Commission in 1948 determined that certain 30-ton lifting booms which were on the ships sold to the plaintiff were desirable features which were not included in the standard ship of the type in question, which standard ship had been used in the computation of the statutory sales price.

If such booms were not, in fact, a part of the standard equipment of the typical ship, there seems to be no question, in this case, that the Commission could charge the extra for them, since the plaintiff regards them as useful. The Government says that the question is not whether they were in fact standard equipment of a typical ship. It says that the Commission's determination that they were not standard equipment is conclusive. We held to the contrary in Esso Nederland v. United States, Ct.Cl., 151 F.Supp. 285. We think that, under the section of the Act incorporated by reference into the contract, the question whether the booms were or were not standard equipment of ships of this type is a question of fact.

■ The plaintiff, being a foreign purchaser, the Commission could have charged it whatever is pleased for the ships, providing it charged it as much or more than the price it could have charged a citizen purchaser. See Esso Nederland, supra. But in fact the Commission contracted with the plaintiff with reference to the statute, so far as the matter of desirable features was concerned, hence we must look to the statute for the meaning of the contract.

■ The Government urges that if we should conclude, after trial, that the booms in question were standard equip-

**616**

ment of the typical ship, the plaintiff's position would not be improved, because then the proper sales price of the typical ship would have to be redetermined and increased by the amount of the charge for the boom. We think not. The Commission made its determination of the sales price of the ship, and the plaintiff agreed to pay and did pay that price. What was reserved for future determination was the absence or presence of desirable features as defined in the statute. If the Commission made a mistake in pricing the typical ship, we think that unilateral mistake cannot now be corrected.

The defendant's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.